## EXEMPTION FROM TAXATION ON ACCOUNT OF POVERTY.

Persons, who have been exempted from taxation on account of their poverty, under
  the provisions of the eighth clause of the 5th section of the Rev. Sts., c. 7, and St.
  1843, c. 87, § 1, for two successive years before their arrival at the age of seventy,
  are not entitled to vote in the election of governor, lieutenant-governor, senators,
  and representatives, under the third article of the amendments to the constitution,
  as persons exempted by law from taxation.

On the second day of March, 1844, the committee on the
judiciary reported[1] to the house, upon an order of the 23d of
January,[2] that the question upon which the following opinion
is given, and which is stated in the opinion, should be proposed
to the justices of the supreme judicial court, and this report
was agreed to[3] on the 4th of March.   On the 12th of March
the opinion was received,[4] and ordered to be printed.

  " The undersigned, justices of the supreme judicial court,
have received the order of the honorable house, passed on the
second of March, eighteen hundred and forty-four, requesting
their opinion upon the following question :—

  ' Is a person, who has the requisite qualifications as to resi-
dence, but who has been exempted from taxation on account
of his poverty two successive years before his arrival at the age
of seventy years, entitled to vote in the election of governor,
lieutenant-governor, senators and representatives, after his arri-
val at that age ?'

  In answer to this question, we cheerfully submit the follow-
ing opinion.

  A just answer to the question must depend upon a true
construction of the third article of the amendments to the con-
stitution of the commonwealth, and the laws, to which that
article refers, in order to determine the qualifications of voters.
This article extends the right of voting, in the elections men-
tioned, to every male citizen of twenty-one years of age and
upwards, excepting paupers and persons under guardianship,
having certain qualifications of residence, and who shall have

---

[1] 66 J. H. 384.        [2] Same, 114.        [3] Same, 402.        [4] Same, 460.

paid by himself, or his parent, master or guardian, any state or county tax assessed upon him within two years preceding, in any town or district of the commonwealth; and also to every person, who being otherwise qualified, shall be by law exempted from taxation. This provision of the constitution, being irrepealable by any act of ordinary legislation, must be obeyed and carried into effect according to its plain intent and meaning, as far as that can be ascertained. One of these requisites, to qualify the citizen to vote, is, that he shall have paid some state or county tax assessed upon him within the state, within two years preceding the election, or be by law exempted from taxation. In requiring the payment of a tax, the constitution makes no distinction between a poll-tax and a tax on the person in respect to his real or personal estate.

The question supposes the case of a person, who, for two years before arriving at the age of seventy years, has been wholly exempted from taxation on account of his poverty. It follows, that until he shall be taxed for property, he cannot have paid any tax assessed on him within two years, previous to the election, at which he may claim a right to vote, and cannot therefore establish his right upon that branch of the provision. The only question therefore, is, whether he is a person exempted by law from taxation, within the other clause in this article of the constitution.

In reference to this question, we ask leave to refer to an opinion, given by the justices of the supreme judicial court, in February, eighteen hundred and thirty-two, signed by two of the subscribers, and in which the undersigned all concur. This opinion will be found in 11 Pickering's Reports, 538, (*ante*, 285,) and we think it goes far towards deciding the present case. The opinion then expressed was, that persons exempted under the discretionary authority of the assessors, as persons who by reason of age, infirmity or poverty, are unable to contribute towards the public charges, are not persons exempted by law from taxation, within the meaning of this clause in the constitution. We then considered, and still consider, for the reasons there stated more at length, that the constitution had reference

to a class of persons acting in capacities beneficial to the community, such as ministers of the gospel, instructors in public seminaries, and the like, persons to whom such exemption had been granted by law, as one mode of making up their compensation for services. And although this class of persons exempted by law has been diminished by succeeding legislation, it does not alter the meaning of the constitution in this respect. Looking therefore to the probable purpose and intent of the makers of the constitution, and the terms in which they have expressed their intent; we are of opinion, that the persons who are annually and temporarily exempted by the assessors from taxation, by reason of their poverty and inability to contribute to the public revenue, are not persons exempted by law from taxation, who are entitled to vote without payment of any tax.

These considerations apply to all persons of whatever age, who are by the discretionary power of the assessors, excused from taxation on account of infirmity, or poverty. But the specific question is, whether persons of seventy years of age and over, who have paid no tax assessed on them within two years before, because they have been exempted on account of age, infirmity, or poverty, can exercise the right of voting. No difference in this respect exists between persons of seventy years old and upwards, and those under that age, except that by the law as it now stands, persons of seventy and upwards are not liable to be taxed for their polls. In this respect some change has been made in the law, since the opinion was expressed in eighteen hundred and thirty-two. Before that time, the subject was usually regulated by the annual tax act, and the specific provision therein referred to was contained in the then last tax act, Stat. 1831, c. 151, by which all male citizens of sixteen years old and upwards were liable to a poll-tax. In one other particular, the law has undergone a slight change of form. As the law formerly stood, the provision that if there were any persons, who, by reason of age, infirmity, or poverty, might be unable to contribute towards the public charges, in the judgment of the assessors, they might exempt the polls and estates of such persons, or abate any part of what they

68

were assessed, was usually embraced in the tax act; but now by the Revised Statutes, c. 7, § 5, 8th clause, the provision is made part of the permanent law regulating taxation. The reason probably is, that formerly it was usual to have a state tax annually, in which these clauses were introduced, and the general law in respect to town and county taxes directed, that assessors should conform to the then last state tax-act, in assessing county and town taxes. But in eighteen hundred and thirty-five, when the Revised Statutes were prepared, a state tax had become more unfrequent, and it became therefore convenient that the general provisions, in regard to town and county taxes, should be embraced in the body of the laws, to be made complete, and furnished to the officers and people of the commonwealth, instead of referring to tax-acts, which might be passed, if at all, at long intervals only. But the power thus humanely given to assessors to exempt individual persons, unable by reason of poverty to contribute to the public charges, was of precisely the same nature and extent then as now, and the law was similar in effect, and substantially so in terms; and we think therefore that this exemption is still a temporary indulgence and excuse from the payment of taxes, allowed at the discretion of assessors, and that the persons thus excused are not persons exempted by law from taxation.

And we are also of opinion, that the modification of the law, determining what persons shall be liable to a poll-tax, can make no difference in respect to the right of voting. Formerly, all persons of sixteen years old and upwards, were taxable for their polls. By the Revised Statutes, it was reduced and limited to persons from sixteen to seventy years old, and by the statute of 1843, c. 87, it was again reduced to persons from twenty to seventy.

But whilst persons of all ages are liable generally to taxation for property, those over seventy cannot be said to be exempted by law from taxation, merely because they are no longer liable for a poll-tax. It is the liability to taxation, not the want of taxable property, which distinguishes citizens generally from citizens exempted by law from taxation. The

exemption by law contemplated by the constitution is an exemption from all taxation, without any distinction between a poll-tax and any other tax. Persons over seventy, therefore, although not liable to a poll-tax, because the law does not make their polls taxable, are still liable in common with others to all other taxes; and if not actually taxed in any one year, it is because they happen to have no taxable property. Such want of taxable property may be temporary or casual, and such persons may at any time acquire property, by inheritance or otherwise, and would then be taxable, and so they are not exempted by law from taxation. Upon any other construction, if the legislature were still further to limit the number of persons liable to a poll-tax, and if all such persons, not happening to have taxable property, and so not being assessed in fact for any tax, should be permitted to vote, it would, in our opinion, be repugnant to the constitution, which requires either the actual payment of a tax, or that the person shall be of some class having a general exemption by law from taxation. Suppose the legislature should, for some good reason, enact that persons between thirty and seventy, and no others, should be taxed for polls; there would be a class of persons between twenty-one and thirty, who would be entitled by age and residence to vote, and in regard to whom it could not be pretended that they were exempted by law from taxation. Their right to vote, then, by the plain and express terms of the constitution, would depend upon the payment of some tax, and there being no poll-tax, it must of course be the payment of a tax on property. So if the legislature were to take off the poll-tax altogether, it could not be said that all persons having, at any particular time, no taxable property, would be exempted by law from taxation; therefore, to come within the other provision of the constitution, they must actually pay a tax to enable them to vote, and such, in the absence of all poll-taxes, must be a property tax. We are, therefore, of opinion, that persons over seventy years of age are no more entitled, on that account, than any other persons, to vote, without the actual payment of a tax, although on account of the change of the

law they are not liable to a poll-tax. And it makes no difference that such persons have, during the two years before arriving at seventy, or before or after that time, been exempted by the discretionary power of the assessors, on account of poverty, from being assessed or charged with the payment of any tax. All such persons may acquire property by inheritance or otherwise, and being always liable by law to taxation, may, in respect to such acquired property, be actually taxed. But as the constitution expressly requires, that, in order to be qualified to vote, a person must actually have paid a tax, or be exempted by law from taxation, we are of opinion, that persons seventy years old, though not liable to be taxed for their polls, are not thereby exempted by law from taxation, and therefore that they are not entitled to vote without the actual payment of some other tax.

LEMUEL SHAW,
S. S. WILDE,
CHARLES A. DEWEY,
SAMUEL HUBBARD.

*Boston, March* 9, 1844."